UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LANGFORD,

    Plaintiff,

v.                                                     Case No: 17-11862
                                                    Honorable Victoria A. Roberts

MUZIRMAN PRIMA, ET AL.,

    Defendants.
_____/

## ORDER DENYING MOTION TO TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [DOC. #10]

**I.    Introduction/Background**

On June 9, 2017, Plaintiff Robert Langford filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Langford is a Michigan state prisoner who alleges Defendants denied him adequate medical treatment for an ingrown toenail for over 10 months. On August 17, 2017, Langford filed a Motion for a Temporary Restraining Order and Preliminary Injunction to "ensure that he receives proper medical care."

Langford alleges that he first requested medical care for his ingrown toenail on September 16, 2016. Defendant Muzirman Prima, a physician's assistant, advised him that he should have his toenail removed on October 14, 2016. According to the Complaint, Prima told Langford that she had no experience in removing toenails, so he requested that an experienced physician perform the removal instead. The Complaint lists several medical appointments pertaining to the toenail removal that Langford claims were either cancelled or delayed.

Langford alleges that he filed a Step I grievance regarding his medical care on September 30, 2016, followed by a Step II grievance appeal on October 26, 2016. The Step II grievance appeal indicated that although Prima offered to remove his toenail, he wanted a physician to do it

1

because "she said she did not perform toenail removals...and had no experience in doing so." Langford claims that he filed a Step III grievance appeal regarding the same issue on October 29, 2016. He says he got no response to it. In addition, Langford alleges that he was written up for misconduct in retaliation for not letting Prima perform any procedures on his ingrown toenail on January 25, 2017.

## II. Standard of Review

Injunctive relief is an extraordinary remedy that should be granted only if the movant carries the burden of proving that the circumstances clearly demand it. *Overstreet v. Lexington-Fayette Urban County Gov't,* 305 F.3d 566, 573 (6th Cir. 2002). The proof required to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion. *Leary v. Daeschner,* 228 F.3d 729, 739 (6th Cir. 2000).

In deciding a motion for a preliminary injunction or temporary restraining order, a court must consider: (1) whether the movant shows a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *Overstreet*, 305 F.3d at 573. These factors are not considered prerequisites, but instead should be balanced against each other. *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth.,* 163 F.3d 341, 347 (6th Cir. 1998). No one factor is controlling, but "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

### III. Discussion

#### A. Likelihood of Success on the Merits

Langford says he demonstrates a strong likelihood of success on the merits because he was denied care for a serious medical need contrary to a physician's instruction in violation of the Eighth Amendment.

Under the Eighth Amendment, prison officials may not act with deliberate indifference to the medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 103-104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

The Complaint does not indicate that the Defendants intentionally interfered with medical treatment once prescribed, but instead alleges that Langford did not want Prima to treat him because of her lack of experience. Moreover, although the Complaint alleges several appointment cancellations and miscommunication between Langford and Defendants, it is doubtful that Defendants' actions constitute deliberate indifference. A showing of deliberate indifference generally requires allegations of acts or omissions that surpass both negligence and medical malpractice. *Estelle*, 429 U.S. at 106. The facts alleged do not rise to the level of the deliberate indifference necessary to sustain a claim under the Eighth Amendment.

Langford fails to make a strong showing that his claim would likely succeed on the merits.

#### B. Irreparable Injury

Langford alleges that he is threatened with an irreparable injury because, without proper treatment, he "may have continued problems with his toenails resulting in permanent harm to his feet." He also claims that the continuous deprivation of constitutional rights constitutes irreparable harm as a matter of law.

3

Courts have held that if a claim is based on a violation of a plaintiff's constitutional rights, the plaintiff can demonstrate that a denial of an injunction will cause irreparable harm. *Overstreet*, 305 F.3d at 578. However, Langford is not entitled to this presumption of irreparable injury if it is unlikely that his Eighth Amendment claim will succeed on the merits. *Id.* Moreover, Langford's allegations regarding the severity of his condition may not be concrete, imminent, and substantiated enough to meet the burden required for injunctive relief.

### C. Substantial Harm to Others

As to whether granting injunctive relief will substantially harm the Defendants, Langford alleges that his present and potential suffering outweigh any harm others may suffer if he is taken to a suitable doctor.

Where injunctive relief against prison officials is sought, this Court has frequently noted the likely harm that would be caused by judicial interference with prison administration, for which courts are ill-suited. *See Garrison v. Davis*, No. 06-13258, 2008 WL 786667, at *2 (E.D. Mich. Mar. 21, 2008); *Siler v. Green*, No. 08–15077, 2009 WL 1393411, at *3 (E.D. Mich. May 18, 2009).

Langford fails to satisfy this element for injunctive relief.

### D. Public Interest

Langford alleges that injunctive relief will serve the public interest because "it is always in the public interest for prison officials to obey the law, especially the Constitution."

The public interest may well be served by ensuring that prisoners receive adequate medical care. However, Langford's claim that an injunction in his favor will benefit the public interest rests on the presumption that his constitutional rights under the Eighth Amendment have been violated. Langford has not make this showing.

## IV. Conclusion

Langford's motion for a temporary restraining order and preliminary injunction is **DENIED**.

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 30, 2017

The undersigned certifies that a copy of this document was served on the attorneys of record and Robert Langford by electronic means or U.S. Mail on August 30, 2017.

s/Linda Vertriest
Deputy Clerk